David **WEBSTER**, **Individually and as representative of other similarly situated property owners and as representative of a class pursuant to Rule 23 FRCP**, Plaintiff–Appellant,

v.

**NATIONAL FUEL GAS SUPPLY CORPORATION**, Defendant–Appellee.

No. 06–4928–cv.

United States Court of Appeals, Second Circuit.

March 5, 2008.

Henry W. Killeen (Allithea E. Killeen, of counsel), Killeen & Killeen, Orchard Park, NY, for Plaintiff–Appellant.

Edward S. Bloomberg (Robert L. Lash, of counsel), Phillips Lytle LLP, Buffalo, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant David Webster, acting individually and as a representative of similarly situated property owners, appeals from a September 22, 2006 judgment of the United States District Court for the Western District of New York (Curtin, J.), dismissing his claims against defendant-appellee National Fuel Gas Supply Corporation ("National Fuel") for taking property without providing adequate compensation in violation of the Fifth Amendment.[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Webster has been seeking for some time a court to adjudicate his inverse condemnation claim against National Fuel, which allegedly stored gasoline underneath his and other class members' property without notifying them or paying compensation for the use of their property. National Fuel acknowledged in 1998 that it was storing gasoline under more land than authorized by the Federal Energy Regulatory Commission ("FERC"), and after receiving the appropriate authorization from FERC, contracted with some landowners to use their property while initiating condemnation proceedings against those landowners who refused to sign such a lease. The claim at issue here involves the unauthorized use of putative class members' property before National Fuel was granted the right to use the property through lease or condemnation. At oral argument, National Fuel stipulated that any claims for compensation for use of the property prior to lease or condemnation would be properly heard in an inverse condemnation proceeding commenced in state court. We dismiss the inverse condemnation claim encompassed in Webster's complaint in order to allow the New York state courts to adjudicate this claim in the first instance.[2] *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). We

---

1. Webster alleged ten additional state law claims, which he has not addressed in his brief to this Court and appears to have abandoned.

2. In light of National Fuel's stipulation, we do not address the district court's alternative ground for dismissal that National Fuel was not acting under color of state law for purposes of 42 U.S.C. § 1983.

note that N.Y. C.P.L.R. § 205(a) appears to allow the plaintiff and his fellow class members to commence a new inverse condemnation action in state court within six months because the action here was not terminated "by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits."

For the foregoing reasons, the judgment of the district court is AFFIRMED.